

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2009

# Mohammad v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mohammad v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1820.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1820

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1206
_____

ASHRAF MOHAMMAD,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A74-582-717)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2009

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2009)

_____

OPINION

_____

PER CURIAM

Petitioner Mohammad Ashraf[1] seeks review of a final decision by the Board of Immigration Appeals ("BIA") denying a motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition.

## I. Background

Ashraf is a native and citizen of Pakistan who entered the United States without inspection in July 1995. In October 1995, the Immigration Judge ("IJ") ordered Ashraf removed in absentia, due to his failure to appear at his hearing. Nearly ten years later, Ashraf filed a motion to reopen his case, seeking to submit an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The motion was granted and Ashraf filed an application. However, he subsequently withdrew it and was granted voluntary departure. See A.R. 145.

In November 2006, shortly before his voluntary departure date, Ashraf filed a second motion to reopen. He argued that country conditions in Pakistan for members of his political party (the Muslim League) had materially changed, and as a result, he should be permitted to file a new application for asylum, withholding of removal and protection under the CAT. In support, he appended several undated, partially-illegible news articles concerning, inter alia, the Muslim League's political opposition to the Pakistani

---

[1] The BIA and this Court have listed Petitioner's name on the caption as Ashraf Mohammad. However, as reflected in Petitioner's filings to this Court, this appears to reverse Petitioner's first name and surname. Therefore, in the text of our opinion, we will refer to Petitioner as he refers to himself, as Mohammad Ashraf.

government and the killing and jailing of certain political opposition leaders.[2] Ashraf also provided four virtually identical affidavits from Muslim League members in Pakistan, attesting that "if you [presumably, Ashraf] come back to Pakistan the government will lock up to you in a jail immediately" and "you will have maximum 30 years imprisonment and you will never see to any one."[3] A.R. 94, 96, 97.

On December 12, 2006, the IJ denied Ashraf's second motion to reopen. The IJ held that Ashraf's evidence showed only that "the present position of the Pakistan Muslim League in Pakistan is not good now," but did not reflect whether conditions had materially changed since his last appearance before the court in December 2005, as required by 8 C.F.R. § 1003.23(b)(4)(i). In addition, he concluded that Ashraf's evidence did not demonstrate a pattern or practice of persecution[4] of Muslim League members

---

[2] The record does not establish whether these opposition leaders belong to Ashraf's political party. For example, the articles concerning the killing of Nawab Bugti refer to his membership in "Jamhoori Watan Party," not the Muslim League. See, e.g., A.R. 125, 135. Indeed, Ashraf describes Bugti as a "close associate and friend" of the head of the Muslim League, not as a Muslim League member.

[3] Ashraf also appended a copy of a marriage certificate reflecting a 2006 marriage to a United States citizen, arguing that he is entitled to cancellation of removal pursuant to INA § 240A [8 U.S.C. §1229b]. The IJ denied cancellation of removal because Ashraf did not submit evidence of prima facie eligibility for relief, including, inter alia, evidence of physical presence in the United States for not less than ten years, evidence of good moral character, and evidence that his removal would cause exceptional hardship to his spouse. See INA § 240A(b)(1)(A)-(D) [8 U.S.C. § 1229b(b)(1)(A)-(D)]. Ashraf did not dispute the denial of cancellation of removal in his brief to this Court and the issue is therefore waived. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005).

[4] Because Ashraf did not claim past persecution, the IJ determined that Ashraf would have to establish a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b).

3

because it did not show that the acts were committed by Pakistan's government or by forces that the government was unwilling or unable to control. Thus, the IJ held that Ashraf failed to present material evidence showing that country conditions in Pakistan sufficiently changed so that he would now be prima facie eligible for asylum or withholding of removal.

Ashraf appealed the IJ's decision. In a December 26, 2007 decision, the BIA dismissed the appeal. This petition for review followed.

## II.  Analysis

In immigration proceedings, we review the BIA's findings of fact for substantial evidence, and the ultimate decision to reject a motion to reopen for abuse of discretion.[5] See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). The BIA's decision is entitled to "broad deference," see Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003), and will be upheld unless it was "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

An alien may file only one motion to reopen, and it must be filed no later than

---

The IJ concluded that Ashraf did not allege that he would be individually singled out for persecution on account of his political beliefs, so his evidence of future persecution would have to support a claim of a pattern or practice of persecution of Muslim League members in Pakistan. See 8 C.F.R. § 1208.13(b)(2)(i), (iii).

[5] In his brief, Ashraf primarily focuses on errors allegedly committed by the IJ. However, we do not review the IJ's decision where the BIA did not expressly adopt it. See Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001). Instead, we review the BIA's decision, recognizing that the BIA does not independently find facts but reviews factual findings made by the IJ. See INA § 242(a) [8 U.S.C. § 1252(a)].

4

ninety days after the final administrative decision was rendered, see 8 C.F.R. § 1003.23(b)(3), unless it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4). A motion to reopen may also be denied if it does not establish that the applicant is prima facie eligible for relief. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). Establishing prima facie eligibility requires production of objective evidence showing a "reasonable likelihood" of establishing that relief should be granted. See id. at 563-64. Even if the movant successfully establishes prima facie eligibility, a motion to reopen may be denied in the agency's discretion. See 8 C.F.R. §§ 1003.2(a), 1003.23(b)(3). Thus, there are "three independent grounds on which the BIA might deny a motion to reopen – failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." INS v. Doherty, 502 U.S. 314, 323 (1992).

Here, the BIA rested its decision on the first independent ground – a failure to establish a prima facie case for relief. The BIA considered Ashraf's evidence, and affirmed the IJ's conclusions that the affidavits and articles Ashraf submitted were insufficient to show that he faces a particularized risk of harm in Pakistan, or that there

5

exists a general pattern or practice of persecution of members of the Muslim League in Pakistan. Indeed, the BIA expressed particular skepticism of Ashraf's claim that members of the Muslim League would be subject to a pattern or practice of persecution, because the affiants, all Muslim League officers, are located in Pakistan and did not attest to personally suffering any harm.

Ashraf argues that the BIA improperly required him to "prove every element of asylum in the motion papers." Although it would have been helpful for the BIA to provide additional clarity in its legal analysis, we disagree with Ashraf's contention. The BIA concluded that Ashraf "made no . . . showing" regarding a pattern or practice of persecution of Muslim League members, that the evidence did not "reflect" that Ashraf, as a member of the Muslim League, would more likely than not be persecuted in Pakistan, and that his claims were "vague, generalized, and questionable." These statements indicate that the BIA did not require Ashraf to prove his ultimate case, but instead examined his initial showing to determine whether the evidence was sufficient to establish a prima facie case. "Agency action is entitled to a presumption of regularity." Kamara v. Att'y Gen., 420 F.3d 202, 212 (3d Cir. 2005). Ashraf's arguments are insufficient to overcome that presumption and show that the BIA held his motion to reopen to an inappropriately high standard of proof.

Ashraf also argues that his motion was properly supported by evidence of materially changed conditions and was based upon "events that had occurred since

December 20, 2005 (the date of the [previous] hearing [before the IJ]).”[6]   However, because the BIA chose to rest its decision on the independent ground that Ashraf failed to present a prima facie case for relief, this argument is to no avail.[7]

### III.  Conclusion

We have considered the record and conclude that substantial evidence supports the BIA's conclusion that Ashraf failed to show prima facie eligibility for relief based upon a well-founded fear of future persecution.  Ashraf did not satisfy his heavy burden of showing that the BIA abused its discretion or arbitrarily denied his second motion to reopen.  We will therefore deny the petition for review.

---

[6] Ashraf also appended to his brief an order of the BIA expelling attorney Jonathan Saint Preux from practicing before it.  Apparently, Mr. Saint Preux previously assisted Ashraf with his case.  However, as Ashraf admits, he did not raise any argument concerning the effectiveness of his former counsel in his motion to reopen.  Because the issue was not considered by either the IJ or the BIA, it remains unexhausted.  See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).  To the extent Ashraf seeks to raise such a claim in his petition for review, this Court lacks jurisdiction over it.  See 8 U.S.C. § 1252(d)(1).

[7] We note that the record does not appear to support Ashraf's contention that he presented "new" and "material" evidence of changed conditions.  For example, Ashraf presented evidence that Muslim League leader Nawaz Sharif was denied a passport in September 2006.  However, the record reflects that Sharif's exclusion from Pakistan is not recent; Sharif has been in forced exile from Pakistan since 2000.  See A.R. 79.  Similarly, Ashraf presented evidence that in October 2006, Javed Hashmi "exhausted all appeals and was set for imprisonment for life."  However, the record shows that Hashmi was imprisoned for sedition before Ashraf last appeared before the IJ in 2005.  See A.R. 80.  Finally, Ashraf asks this Court to take judicial notice of the recent assassination of former Prime Minister Benazir Bhutto.  However, the record reflects that Bhutto was head of the "Pakistan People's Party," not a member of the Muslim League.  See A.R. 122, 206.